IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIGUEL ANGEL COTA-GASTELUM, ) <br> ) <br> Defendant. ) <br> ) | CRIMINAL ACTION <br><br> No. 07-20143-01-CM |

### MEMORANDUM AND ORDER

This case is before the court on Defendant Cota-Gastelum's Motion for New Trial (Doc. 95). In January 2009, a jury convicted defendant of conspiracy to distribute and possess with intent to distribute methamphetamine and marijuana; distribution of and possession with intent to distribute methamphetamine; and weapons violations. Defendant asks the court for a new trial because he claims that the evidence was insufficient to support the verdicts on each of the five counts.

**I.    Standard for Judgment**

In considering a motion for new trial, the court has broad discretion that will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires." Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted). The court may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (citation

omitted).  The court should grant a motion for a new trial if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'"  *United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994).  But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).  The burden of proving that a new trial is warranted rests on the defendant.  *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

## II.    Discussion

### A.    Conspiracy Count

Count 1 charged defendant with conspiracy to distribute and possess with intent to distribute methamphetamine and marijuana.  Defendant asks the court for a new trial on Count 1 because the evidence supporting the conspiracy conviction was almost exclusively limited to the testimony of Leona Garcia and her associates.  According to defendant, Ms. Garcia and her associates were not credible witnesses because their self-interests provided them motive to deflect responsibility to defendant.  Defendant also believes that Ms. Garcia's testimony was "the result of a combination of animosity against defendant Cota-Gastelum and her selfish predilection to arrange for others to pay the price for her own misconduct."

The weight of the evidence supporting defendant's conspiracy conviction was not against the verdict.  To the contrary, overwhelming credible evidence supported the verdict.  The testimony of Ms. Garcia and her associates was corroborated by video and audio tapes; the surveillance of the delivery of the green motorcycle to pay defendant for a drug debt; the drug ledgers found in

defendant's bedroom; the evidence of drugs found throughout defendant's residence; and defendant's fingerprint found on a bag of methamphetamine cutting agent. Overall, the court found the testimony of Ms. Garcia and her associates to be credible. They may have had motive to testify falsely against defendant. But motive does not equate to perjury. Here, the testimony of co-conspirators—even those who have lied in the past and shown a predisposition toward self-preservation—was corroborated by substantial other evidence in the record. The court finds that the verdict on Count 1 was not contrary to the weight of the evidence.

**B.     Distribution and Possession with Intent to Distribute Counts**

Counts 2 and 3 charged defendant with distribution of and possession with intent to distribute methamphetamine. With respect to Count 2, defendant contends that he did not deliver the methamphetamine during the controlled buy of September 6, 2007. He was only caught receiving money from Ms. Garcia the following day. And wiretaps of pre-delivery phone calls only implicate defendant through Ms. Garcia's testimony. Again, defendant believes that Ms. Garcia's testimony was not credible.

For the reasons stated above, defendant's complaints about the credibility of Ms. Garcia's testimony are unfounded. Recorded telephone calls showed that defendant arranged the sale of methamphetamine on September 6. The drug ledger found in defendant's bedroom also contained an entry for the September 6 sale to Ms. Garcia. The weight of the evidence supports the conviction on Count 2, regardless of whether defendant actually delivered the drugs himself.

With respect to Count 3, defendant contends that the drugs found during the September 18, 2007 search of 1050 Armstrong cannot be attributed to him. Specifically, defendant suggests that he should be granted a new trial on the possession conviction because he (1) consented to the search; (2) cooperated with the police; and (3) appeared shocked when the police found drugs.

The court finds no merit to defendant's arguments. The overwhelming evidence presented at trial supports the jury's finding that defendant possessed the drugs found in his residence. The police found the methamphetamine, drug ledgers, money, and weapons in defendant's bedroom. The marijuana, additional methamphetamine, cutting agent, baggies, scales, and shrine were found in common areas. The fact that defendant consented to the search or acted surprised at what the police found does not suggest that defendant earnestly believed his home was drug-free. Defendant is not entitled to a new trial on Count 3.

**C.     Weapons Counts**

Counts 4 and 5 charged defendant with—among other things—possession of firearms in furtherance of a drug trafficking crime (Count 4) and possession of firearms while being in the United States unlawfully (Count 5). Defendant claims that the evidence does not support the verdict that the two handguns found in his bedroom were his. Defendant argues that (1) the area was not in his exclusive control; (2) the handguns did not contain his fingerprints; and (3) the government did not show that they were readily accessible or that he actively employed them during and in relation to the criminal undertaking. With respect to Count 5, defendant contends that the government failed to prove that he was illegally in the United States.

The police found the handguns in defendant's bedroom dresser drawer. They were in a box containing U.S. currency, and were in close proximity to defendant's drug ledgers, wire transfers, and methamphetamine. There was also testimony at trial that defendant carried weapons during drug transactions. Gigi Arambula testified that one of the weapons was one she had traded defendant for methamphetamine. The evidence fully supported a finding that defendant possessed the weapons in furtherance of drug trafficking activity or used them during or in relation to drug trafficking activity.

Moreover, the government presented testimony and evidence that defendant was an illegal alien. Special Agent Tracy Raggs testified to defendant's illegal crossings and prior deportation. The jury's finding that defendant was in the United States illegally was not contrary to the weight of the evidence.

### D.    Arguments Incorporated by Reference

Defendant also incorporates by reference the arguments of his co-defendants for a new trial. The court has entered orders denying the co-defendants' motions (Docs. 108 and 109). The arguments of Javier Hernandez are specific to the case against him and do not apply to defendant Cota-Gastelum. One of the arguments of Armando Chavez-Flores—that the racial makeup of the jury pool violated the Sixth Amendment—may apply to defendant. But the other—that allowing the Deputy United States Marshal to sit behind Mr. Chavez-Flores while he testified was improper—does not appear to. To the extent that any of the co-defendants' arguments apply to defendant, the court denies them here for the same reasons stated in the orders already entered in this case (Docs. 108 and 109).

**IT IS THEREFORE ORDERED** that Defendant Cota-Gastelum's Motion for New Trial (Doc. 95) is denied.

Dated this <u>14th</u> day of April 2009, at Kansas City, Kansas.

                                              **<u>s/ Carlos Murguia</u>**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**