**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> MIGUEL ANGEL COTA-GASTELUM, ) <br> ) <br> Defendant. ) <br> _____ ) | Case Nos. 07-20143-CM <br> 13-2163-CM |

## **MEMORANDUM AND ORDER**

Defendant Miguel Angel Cota-Gastelum recently filed a petition for habeas relief. At the same time he filed his petition, he also filed two companion motions: (1) Motion for Leave of Court to Prepare and File a Memorandum and Sworn Affidavit in Support of the Above-Captioned Cause of Action (Doc. 193) and (2) Motion for Criminal Case Documents and Transcripts at Government's Expense and Request for Additional Time in Which to Submit Memorandum and Sworn Affidavit in Support of Application Pursuant to 28 U.S.C. § 2255 to Which the Instant Motion Accompanies (Doc. 194). In his motions, defendant asks for specific items in the record—at government expense—and for an additional thirty days in which to file his memorandum in support of his habeas petition after he receives the requested items. Specifically, defendant requests the following items:

- Superseding Indictment (Doc. 37);

- Jury's Verdict (Doc. 92);

- Motion for New Trial (Doc. 95);

- Response by Government to Motion for New Trial (Doc. 101);

- Memorandum and Order Denying Motion for New Trial (Doc. 110);

-1-

- Judgment (Doc. 143); and

- Sentencing Hearings Part One and Two (Docs. 176 and 177).

The court first addresses defendant's request for transcripts of the sentencing hearings. A defendant does not have an unconditional right to free transcripts. *Sistrunk v. United States*, 992 F.2d 258, 259–60 (10th Cir. 1993). 28 U.S.C. § 753 provides that under certain circumstances, a defendant may receive a free trial transcript to help him prepare a habeas petition. To qualify, the court must "certif[y] that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). "Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f)." *Sistrunk*, 992 F.2d at 259.

Here, defendant has offered little more than conclusory allegations in support of his motion. Defendant claims that without production of these items, he will be unable to provide the court with fact-specific evidence to support his petition. He cites as an example how he will use the sentencing transcript: Defendant plans to show that his attorney's actions contributed to defendant's sentencing enhancements. He also believes the transcripts will show that he was unable to appreciate the nature and consequences of his actions when he proceeded to trial instead of pursuing plea negotiations because during the sentencing hearing, defendant tried to tell the court that "something was amiss in the communication and relationship had between counsel and himself." (Doc. 194 at 6.)

On their face, these allegations may sound sufficiently specific to warrant relief. But there is one critical problem with defendant's request. Namely, the requested documents do not match up with the relief requested in defendant's habeas petition. In his habeas petition, defendant makes one claim: that he was denied effective assistance of counsel because his attorney gave him "less than truthful advice" about the amount of evidence against him and the nature and consequences of the punishment

he was facing.[1]  He claims that his attorney told him that trial was the only option and threatened to withdraw if defendant pursued his desire to negotiate a plea agreement.  In other words, defendant's request for relief is based on events that allegedly happened before trial.  Yet all of the items defendant requests—except a copy of the Superseding Indictment—relate to events that happened after defendant made the decision to go to trial.  This incongruity renders the court unable to find that "the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f).  Defendant is not entitled to the transcripts from his sentencing at government expense.

Although § 753(f) does not expressly govern defendant's request for other documents, the Tenth Circuit has affirmed the denial of requests for documents for failure to meet the § 753(f) standard.  *See, e.g., Nortonsen v. Larimer County Dist. Court*, No. 05-1390, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006); *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994).  Defendant's request for other documents therefore fails for the same reason that his request for free transcripts fails.  He has not demonstrated a connection between the requested documents and his basis for habeas relief.

**IT IS THEREFORE ORDERED** that defendant's Motion for Leave of Court to Prepare and File a Memorandum and Sworn Affidavit in Support of the Above-Captioned Cause of Action (Doc. 193) is granted in part.  Defendant is granted thirty days from the date of this order to file a memorandum and sworn affidavit(s) in support of his petition.

**IT IS FURTHER ORDERED** that defendant's Motion for Criminal Case Documents and Transcripts at Government's Expense and Request for Additional Time in Which to Submit

---

[1] Presumably, this is the only claim defendant brings because it is the only claim that he can arguably base on a right newly recognized by the Supreme Court, to render it timely-filed under § 2255's one-year statute of limitations.  The court makes no determination here on whether defendant's petition is, in fact, timely-filed.  His conviction became final in early 2011—which means that defendant's claim must fit under § 2255(f)(2), (3), or (4) to be timely.  It is otherwise barred by the statute of limitations.  Defendant purportedly bases his motion on *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).  The court withholds determination of whether *Lafler* gives defendant a timely cause of action until ruling on the habeas petition.

Memorandum and Sworn Affidavit in Support of Application Pursuant to 28 U.S.C. § 2255 to Which the Instant Motion Accompanies (Doc. 194) is denied.

Dated this 6th day of May, 2013, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**