# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIGUEL ANGEL COTA-GASTELUM, ) <br> ) <br> Defendant. ) | Case Nos. 07-20143-CM <br> 13-2163-CM |

## MEMORANDUM AND ORDER

Defendant Miguel Angel Cota-Gastelum filed a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255(f)(3) (Doc. 192) on April 8, 2013 (although he placed it in the prison legal mail system on March 20, 2013). The issue before the court is whether defendant's motion is timely-filed. Motions filed under § 2255 are subject to a one-year limitation period. When a defendant files under subsection (f)(3)—as defendant did here—the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Defendant claims that on March 21, 2012, the Supreme Court newly recognized a right in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). Defendant's motion is timely-filed only if he is correct. Otherwise, his motion is untimely.

*Lafler* held that when an attorney gives a defendant constitutionally deficient advice to reject a plea bargain, resulting in a harsher sentence, the defendant's Sixth Amendment right to counsel is violated. 132 S. Ct. at 1383, 1390–91. But *Lafler* did not announce a newly-recognized right. *United States v. Lawton*, 506 F. App'x 722, 726 (10th Cir. 2012) (collecting cases). Instead, it merely applied

-1-

the familiar *Strickland*[1] test to a particular set of facts. *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013) (discussing whether *Lafler* established a new rule of constitutional law in the context of a motion to file a second or successive § 2255 motion). Defendant's motion is therefore barred by the statute of limitations.

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *United States v. Ivory*, No. 09-2376-KHV, 2010 WL 1816247, at *1 (D. Kan. May 3, 2010). The court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* Here, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255(f)(3) (Doc. 192) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 6th day of August, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).