IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
                Plaintiff,           )
                                     )
v.                                   )
                                     )      Case No. 07-20143-01-CM
MIGUEL ANGEL COTA-GASTELUM,          )
                                     )
                Defendant.           )
                                     )

## MEMORANDUM AND ORDER

This matter is before the court on defendant Miguel Angel Cota-Gastelum's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 218.)  Defendant seeks to reduce his sentence based on Amendment 599, arguing that the 2-point increase for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) was unwarranted because it was the same weapon used to convict him of using and carrying a firearm during and in relation to a drug trafficking crime.  Defendant claims that Amendment 599 should retroactively apply to his case.

"[T]he United States Sentencing Commission enacted Amendment 599, U.S.S.G. App. C, Amend. 599 (2000) (amending U.S.S.G. § 2K2.4), which was given retroactive effect under U.S.S.G. § 1B1.10(c)." *United States v. Berry*, 196 F. App'x 660, 662 (10th Cir. 2006). Amendment 599 sought to avoid duplicative punishment and "clarified that if a sentence for violating 18 U.S.C. § 924(c) 'is imposed in conjunction with a sentence for an underlying offense,' then the 'specific offense characteristic for possession, brandishing, use, or discharge' of the firearm charged in 924(c) should not be calculated into the sentence for the underlying offense." *Id.* (quoting U.S.S.G. App. C, vol. II, Amend. 599 (2000)).

-1-

-2-

Amendment 599 became effective on November 1, 2000.  *Id.*  Defendant was sentenced and judgment was entered on September 3, 2009.  18 U.S.C. § 3582(c)(2) allows defendants to move for a sentence reduction if the guidelines range for their conduct is lowered *after* they were sentenced.  *United States v. Sandoval-Flores,* 665 F. App'x 655, 656 (10th Cir. 2016).  Consequently, defendant is statutorily ineligible for relief under 18 U.S.C. § 3582(c)(2).  *See id.* ("[E]ven if . . . the sentencing court applied an outdated version of the guidelines, Mr. Sandoval-Flores should have sought to correct its error through his direct appeal or his first habeas petition.  Such errors cannot be corrected through § 3582(c)(2): we cannot pretend Amendment 599 took effect 'subsequent' to his sentencing.").  The court lacks jurisdiction and defendant's motion is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Miguel Angel Cota-Gastelum's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 218) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
