**ORDERIN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

       **Plaintiff,**

v.                                                                      Case No. 07-20143-01-JWL

**Miguel Angel Cota-Gastelum,**

       **Defendant.**

**MEMORANDUM AND ORDER**

In January 2009, a jury convicted defendant of multiple drug and firearm-related offenses. charges. The presentence investigation report (PSIR) assigned defendant a base offense level of 38; applied a two-level increase pursuant to § 2D1.1(b)(1) for possession of a dangerous weapon; and applied a four-level increase pursuant to 3§ B1.1(a) based on defendant's role in the offense, resulting in an adjusted and total offense level of 44, which is treated as an offense level of 43 under the Guidelines. Defendant had zero criminal history points, resulting in a criminal history category of I. Based on a total offense level of 43 and a criminal history category of I, defendant's guideline range for imprisonment was calculated at life. The sentencing judge sustained defendant's objection to the weapon enhancement, holding that it did not apply. Defendant's total offense level, then, was 42 and an imprisonment range of 360-life. On August 31, 2009, defendant was sentenced to a controlling term of 420 months. That sentence was later reduced to 352 months pursuant to Amendment 782 to the Sentencing Guidelines.

This matter is presently before the court on defendant's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States

Sentencing Guidelines (doc. 223). As will be explained, the motion is dismissed because defendant is not eligible for the reduction he seeks.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]"

U.S.S.G. § 4C1.1(a).

Defendant suggests in his motion that he was assigned no criminal history points and that, accordingly, he is a zero-point offender entitled to a decrease in two offense levels. But defendant plainly fails to meet Amendment 821's eligibility requirements. While defendant is correct that he has no scoreable criminal history, he received a four-level enhancement for his role in the offense under U.S.S.G § 3B1.1(a). Doc. 122, ¶ 71. This enhancement renders him ineligible under § 4C1.1(a)(10). Thus, because the reduction is not authorized, the court must dismiss the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 223) is **dismissed.**

**IT IS SO ORDERED.**

Dated this 28th day of March, 2024, at Kansas City, Kansas.

                                                       s/John W. Lungstrum  
                                       HON. JOHN W. LUNGSTRUM  
                                       United States District Judge

4