IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

United States of America,

Plaintiff,

v.                                                      Case No. 07-20143-01-JWL

Miguel Angel Cota-Gastelum,

Defendant.

MEMORANDUM AND ORDER

On June 15, 2026, defendant filed a pro se motion for reconsideration (doc. 228) of this court's March 2024 memorandum and order dismissing defendant's motion for a sentence reduction for lack of jurisdiction. Defendant has also filed a motion for copies of documents and exhibits (doc. 229). The government has responded to the motions. The reply deadline has passed. As will be explained, the motion to reconsider is denied as untimely. The motion for copies of documents and exhibits is dismissed for lack of jurisdiction.

The Federal Rules of Criminal Procedure do not authorize motions for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). Such motions are proper,

however, whether filed by a defendant or the government. *Id.* at 1242. The Circuit has held that motions to reconsider in criminal proceedings must be filed within 14 days of the order. *Id.* (holding that motion to reconsider "the denial of a § 3582(c)(2) motion must be brought within the time for appeal"). The court's memorandum and order addressing the merits of defendant's argument concerning Amendment 821 was issued in March 2024. Because defendant's motion was filed more than two years after the original order, it is untimely. *See United States v. Chavez*, 2025 WL 2985852, at *2 (10th Cir. Oct. 23, 2025) (§ 3582(c)(2) motion for reduced sentence pursuant to Amendment 821 was properly denied as untimely when it was filed three months after initial order denying relief). Defendant's motion to reconsider, then, is denied as untimely.

Defendant's motion for copies of documents and exhibits is dismissed because the court lacks jurisdiction to consider the motion. Defendant has identified no basis in the Federal Rules of Criminal Procedure that might authorize the court to grant that request. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018). Defendant states in his motion that he is now serving his sentence at the Federal Social Readaptation center in Sinaloa, Mexico and that he is requesting documents pursuant to the international treaty that permitted him to serve the remainder of his sentence in Mexico. He asserts that he needs documents concerning his First Step Act earned time credits and his good time credits. But these matters must be raised, if at all, in a § 2241 petition rather than a post-judgment motion in defendant's criminal case. *See United States v. Williams*, 2021 WL 4772947, at *1 (D. Kan. Oct. 13, 2021).

2

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 228) is denied and defendant's motion for copies of documents and exhibits (doc. 229) is dismissed.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2026, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge